THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERITA BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.: |
| | ) |
| EVERISE, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Sherita Blevins, by and through her attorney of record, and for her Complaint against the Defendant, Everise, Inc., states as follows:

## STATEMENT OF THE CASE

1. This is a lawsuit brought by Plaintiff, Sherita Blevins, who has been affected by the discrimination alleged in the claims set forth below, seeking permanent relief from unlawful discriminatory practices involving promotion, discipline, compensation, and other terms and conditions of employment in failing to remedy systemic employment discrimination based on race, gender, hostile work environment, and retaliation. The practices committed by Defendant violate title VII of the Civil Rights Act of 1964 ("**TITLE VII**"), as amended, 42 U.S.C. § 2000e, *et seq.*, on the basis of

race, gender, hostile work environment, and retaliation, as well as the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("**§ 1981**"), on the basis of race, hostile work environment, and retaliation.

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The defendant is located and/or doing business in this judicial district and division, and this action is brought in the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391.

4. Plaintiff has fulfilled all administrative prerequisites to filing suit under **TITLE VII** and **§ 1981**. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 7, 2021, and within 180 days of the last discriminatory act of the defendant within an ongoing pattern of discrimination. (Attached hereto as Exhibit "A"). Plaintiff timely files this action within 90 days of her receipt from the EEOC of her Notice of Suit Rights, dated August 25, 2022. (Attached hereto as Exhibit "B").

## PARTIES

5. Plaintiff, Sherita Blevins (hereinafter "Plaintiff" or "Blevins"), is an adult African-American female resident of the state of Alabama and

this judicial district. At all times material herein, she was employed by the defendant.

6. Defendant, Everise, Inc. (hereinafter "Defendant" or "Everise"), is a foreign corporation doing business within the state of Alabama and this judicial district, and otherwise meets the jurisdictional prerequisites of **TITLE VII** and **§ 1981**.

## STATEMENT OF FACTS

7. Blevins was hired by Everise on or about October 7, 2020, and worked as a customer service representative within the IFIT department, earning $13 per hour.

8. On or about December 26, 2020, a job was posted for Team Lead Supervisor within the IFIT department.

9. The Team Lead Supervisor Position paid $19 per hour and would constitute a promotion from the customer service representative position that Blevins held.

10. On or about December 28, 2020, Blevins applied for the Team Lead Supervisor position within the IFIT department.

11. Blevins was the only African American applicant for the Team Lead Supervisor position.

12. At the time of her application, Blevins was one of the top performing employees in the IFIT department and no customer or co-employee had ever complained about the language that Blevins used while at work.

13. On or about January 6, 2021, Blevins had a phone interview with her supervisor, Derek Mitchell (hereinafter "Mitchell"), and a white co-employee named "Julio," who had likewise applied for the Team Lead Supervisor Position, was also on the call, and during which Mitchell advised Blevins that he, and other members of management, had listened to her calls and determined that she sounded "too street" for the position and had concerns about her language.

14. Shortly after the call with Mitchell and Julio, Blevins contacted Rayla Wright (hereinafter "Wright"), Senior Operations Manager, to complain about Mitchell's treatment of her during the interview and his describing her manner of speaking as "too street."

15. Wright advised that she would be back in touch the next day, January 7, 2022.

16. Prior to hearing from Wright, Blevins was contacted by Mitchell again for a follow-up interview, on or about January 7, 2021, by telephone, in which another white co-employee named Sharlee Dickerson

(hereinafter "Dickerson") was also on the call and who had also applied for the same Team Lead Supervisor position for which Blevins had applied. The purpose of the call, according to Mitchell, was so that Blevin's co-employee could hear how she talked.

17. Following the second call with Mitchell, Blevins spoke with Wright to complain about racial discrimination and harassment of Mitchell during the two previous calls and was informed by Wright that she was referring the complaint to Human Resources.

18. Blevins was never invited to listen into any of the interviews of her white co-employees for the Team Lead Supervisor position.

19. On or about January 12, 2021, Mitchell made Blevins a Subject Matter Expert (hereinafter "SME").

20. As an SME, Blevins was given additional duties to those she currently had as a customer service representative in the IFIT department without receiving any additional pay or any promotion.

21. On or about January 28, 2021, the Team Lead Supervisor Position Blevins had applied for was given to a white male co-employee, Brett Berman.

22. On or about February 1, 2021, Blevins was disciplined by Defendant for tardiness related to team trainings as an SME she had been

5

directed to do by Mitchell, which interfered with her schedule as a customer service representative and caused her to be late to work as a customer service representative.

23. A white female SME named Sharlee Dickerson (hereinafter "Dickerson") was also working as an SME and directed by Mitchell to do a team training, but Dickerson was not disciplined by management for being tardy, rather Mitchell adjusted her time so she would not be disciplined. Mitchell made no such adjustment for Blevins.

24. On or about February 2, 2021, Blevins complained to Cassandra May in Human Resources regarding the ongoing harassment by Mitchell, consisting of his comments about Blevins sounding "too street" for the Team Lead Supervisor position, both to her directly, and repeatedly in front of white co-employees in competition with her for the Team Lead Supervisor Position, and subsequently causing Blevins to be disciplined for tardiness after her initial complaints to Wright, which were referred to Human Resources, while Mitchell was simultaneously adjusting the time of a white female SME, Dickerson, so Dickerson would not be disciplined for tardiness.

25. Subsequently in February of 2021, having not heard back from Human Resources, Blevins also complained to Operations Manager,

"Manav," regarding the ongoing harassment of Mitchell as stated in the immediately foregoing paragraph.

26. Subsequently in February of 2021, having not heard back from Human Resources, Blevins also complained to Operations Manager, Kyle Letson (hereinafter "Letson"), regarding the ongoing harassment of Mitchell

27. On or about March 1, 2021, having not heard back from Human Resources or any of the Operations Managers to whom Blevins had complained about ongoing harassment of Mitchell, Blevins contacted Letson to advise that due to the lack of action of management and human resources, she was going to contact the EEOC to complain about ongoing discrimination and harassment.

28. Subsequently, in March of 2021, Mitchell was terminated by Defendant and threatened to sue Blevins for defamation.

## COUNT ONE
## RACE DISCRIMINATION — TITLE VII

29. Plaintiff adopts, incorporates, and re-alleges each and every previous allegation contained in this Complaint as if fully set forth herein again.

30. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her race in violation of **TITLE VII**. White employees and black employees were not treated similarly.

7

31. Defendant condones and allows race-based discrimination. Defendant's actions violated the substantive rights guaranteed to Plaintiff under **TITLE VII**, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

32. As a proximate consequence of the violation of **TITLE VII** by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and career opportunities, past and future pecuniary losses, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

33. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

    a.    Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

    b.    Injunctive relief;

    c.    Punitive damages;

    d.    Pre-judgment interest;

    e.    Attorney's fees;

    f.    Costs;

 g. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

 h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of **TITLE VII** and/or to which she may be entitled.

## COUNT TWO
## RACE DISCRIMINATION — § 1981

34. Plaintiff adopts, incorporates, and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein again.

35. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her race in violation of **§ 1981**. White employees and black employees were not treated similarly.

36. Defendant condones and allows race-based discrimination. Defendant's actions violated the substantive rights guaranteed to Plaintiff under **§ 1981**, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

37. As a proximate consequence of the violation of **§ 1981** by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and career opportunities, past and future pecuniary losses, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

38. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a. Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

b. Injunctive relief;

c. Punitive damages;

d. Pre-judgment interest;

e. Attorney's fees;

f. Costs;

g. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of **§ 1981** and/or to which she may be entitled.

## COUNT THREE
## GENDER DISCRIMINATION– TITLE VII

39. Plaintiff adopts, incorporates, and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein again.

40. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her gender in violation of **TITLE VII.** Male employees and female employees were not treated similarly.

41. Defendant condoned, allowed, and ratified gender-based discrimination and failed to take the necessary corrective action. Defendant's actions and inactions were in violation of **TITLE VII**, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

42. As a proximate consequence of the violation of **TITLE VII** by Defendant, Plaintiff has suffered and will continue to suffer damages to her professional life and career opportunities, past and future pecuniary losses, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

43. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

    a.    Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

    b.    Injunctive relief;

    c.    Punitive damages;

    d.    Pre-judgment interest;

    e.    Attorney's fees;

    f.    Costs;

    g.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

    h.    Such other legal or equitable relief as may be appropriate to effectuate the purposes of **§ 1981** and/or to which she may be entitled.

## COUNT FOUR
## HOSTILE WORK ENVIRONMENT (RACE)– TITLE VII

44. Plaintiff adopts, incorporates, and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein again.

45. The above-described actions of Mitchell, in calling Plaintiff's speech "too street," while interviewing her for a supervisory position in front of other white co-employees also in competition for the position, on multiple

occasions, (and not inviting Plaintiff to participate in the interviews of her white co-employees) constituted unwelcome racial harassment.

46. Said racial harassment was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive work environment for Plaintiff;

47. Defendant is directly responsible for the actions of Mitchell due to their delay in investigating the multiple complaints of discrimination that Plaintiff had made prior to contacting the EEOC due to the Defendant's inaction.

48. Plaintiff has satisfied all administrative prerequisites to bring this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

    a.    Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

    b.    Injunctive relief;

    c.    Punitive damages;

    d.    Pre-judgment interest;

    e.    Attorney's fees;

    f.    Costs;

    g.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

    h.    Such other legal or equitable relief as may be appropriate to effectuate the purposes of **TITLE VII** and/or to which she may be entitled.

## COUNT FIVE
## HOSTILE WORK ENVIRONMENT (RACE)– § 1981

49.    Plaintiff adopts, incorporates, and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein again.

50.    The above-described actions of Mitchell, in calling Plaintiff's speech "too street," while interviewing her for a supervisory position in front of other white co-employees also in competition for the position, on multiple occasions, (and not inviting Plaintiff to participate in the interviews of her white co-employees) constituted unwelcome racial harassment.

51.    Said racial harassment was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive work environment for Plaintiff;

52.    Defendant is directly responsible for the actions of Mitchell due to their delay in investigating the multiple complaints of discrimination that

Plaintiff had made prior to contacting the EEOC due to the Defendant's inaction.

53. Plaintiff has satisfied all administrative prerequisites to bring this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a. Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

b. Injunctive relief;

c. Punitive damages;

d. Pre-judgment interest;

e. Attorney's fees;

f. Costs;

g. Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of **§ 1981** and/or to which she may be entitled.

## COUNT SIX
## RETALIATION– TITLE VII

54. Plaintiff adopts, incorporates, and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein again.

55. In taking the above-described actions, Defendant intentionally and wrongfully retaliated against Plaintiff for her prior complaints to management in violation of **Title VII**. After Plaintiff complained to Wright of Mitchell's race discrimination, Plaintiff was treated differently than her white co-employees, was subject to additional discrimination and was disciplined for conduct of which her white co-employees were also guilty, but for which they were not disciplined.

56. As a result of this retaliation, Plaintiff was caused to be injured and damaged; to have her career significantly adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and embarrassment.

57. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a. Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

    b.    Injunctive relief;

    c.    Punitive damages;

    d.    Pre-judgment interest;

    e.    Attorney's fees;

    f.    Costs;

    g.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

    h.    Such other legal or equitable relief as may be appropriate to effectuate the purposes of **TITLE VII** and/or to which She may be entitled.

## COUNT SEVEN
## RETALIATION – § 1981

58. Plaintiff adopts, incorporates, and re-alleges Paragraphs 1 through 28, above, as if fully set forth herein again.

59. In taking the above-described actions, Defendant intentionally and wrongfully retaliated against Plaintiff for her prior complaints of conduct in violation of **§ 1981.** After Plaintiff complained to Wright of Mitchell's race discrimination, Plaintiff was treated differently than her white co-employees, was subject to additional discrimination and was

17

disciplined for conduct of which her white co-employees were also guilty, but for which they were not disciplined.

60.     As a result of this retaliation, Plaintiff was caused to be injured and damaged; to have her career significantly adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and embarrassment.

61.     Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a.  Placement in the position(s) in which she would have worked absent Defendant's discriminatory treatment;

b.  Injunctive relief;

c.  Punitive damages;

d.  Pre-judgment interest;

e.  Attorney's fees;

f.  Costs;

g.  Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement benefits, mental anguish, emotional distress, both past and future; and

h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of **§ 1981** and/or to which she may be entitled.

## JURY DEMAND

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E

OF COUNSEL:
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com